## Bailey, Appellant, *v.* Pittsburg.

*Appeals—Assignments of error—Evidence—Rule* 31.

An assignment of error to the exclusion of evidence, which fails to set forth the evidence proposed to be offered, is in violation of Rule 31 of the Supreme Court, and will be disregarded.

*Road law—Opening street—Evidence,*

In a proceeding for the assessment of damages and benefits for the opening and grading of a street sixty feet wide, an offer by the property owner to show that long prior to the proceeding the city had accepted and maintained a sixty foot street at the point, is wholly irrelevant. In such a case the fact that there existed prior to the proceedings a thirty-three foot street at the point, or that the owner had voluntarily contributed the

thirty-three foot street for public use, does not relieve the owner from payment of benefits accruing from the opening of the sixty foot street.

Argued Nov. 3, 1903. Appeal, No. 117, Oct. T., 1903, by plaintiffs, from judgment of C. P. No. 3, Allegheny Co., May Term, 1901, No. 386, on verdict for defendant in case of James M. Bailey et al. v. City of Pittsburg. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from report of viewers. Before EVANS, J.
Verdict and judgment for defendant.

On a rule for a new trial EVANS, J., filed an opinion which was in part as follows :

On the trial of the case it appeared that for many years before the territory covered by these streets was taken into the city of Pittsburg a township road had occupied the location of Bailey and Beltzhoover avenues to the width of thirty-three feet, and while the act of the city purported to be the opening of new streets it was in fact the widening of existing streets. No exceptions were filed to the viewers' report and the report was confirmed. The court charged the jury that in determining the question of benefits or damages it should take into consideration the fact that plaintiffs now had a fifty and sixty foot street in front of their respective properties by reason of these proceedings instead of a thirty-three foot street. It is this instruction which plaintiffs' counsel alleges is error. We may assume that had the proceedings for the opening of these streets been attacked at the proper time and in the proper way they would have been set aside. But they were not, and as a result the plaintiffs have legally existing fifty and sixty foot streets in front of these properties, and that by virtue of these proceedings in which they are seeking to recover damages. If there was no valid opening or widening of the streets, then the plaintiffs are not entitled to recover damages for the grade established at this time, for it is only where the grade is established at the same time that the street is opened or widened that the owners of abutting property can claim damages for the grade before the actual grading is done.

*Errors assigned* on an appeal by the property owner were various portions of the charge.

*Henry A. Davis*, with him *William M. Galbriath*, for appellant.—Where a city had no right to widen a street a defense may be made to the claim for benefits : Breed v. City of Allegheny, 85 Pa. 214.

*William Watson Smith*, assistant city solicitor, with him *W. B. Rodgers*, city solicitor, for appellee.

OPINION BY MR. JUSTICE POTTER, January 4, 1904 :

This case was an appeal from the report of viewers appointed to assess damages and benefits for the opening and grading of Bailey avenue from Boggs to Beltzhoover avenue, in the 32d ward of the city of Pittsburg.

In 1851 a township road, thirty-three feet in width, was opened by the court of quarter sessions through the property now belonging to plaintiffs, in St. Clair township, which afterward became a part of the borough of Mt. Washington, and is now incorporated in the city of Pittsburg. In 1886 a city ordinance was passed, locating Bailey avenue, sixty feet wide, where the public road, thirty-three feet wide, had been opened in 1851, and in use by the public since that date. In 1900 other ordinances were passed establishing the grade of Bailey avenue, and authorizing its opening in accordance with the ordinance of 1886, and providing for the assessment of damages for the change of grade. Upon petition of the city, viewers were appointed, who found that the property of the plaintiffs was neither damaged nor benefited by the opening and grading of the street. From this finding the plaintiffs appealed to the court of common pleas, and the present issue was raised under that appeal.

The trial in the court below resulted in a verdict for the defendant, and the plaintiffs have taken this appeal.

They allege in the first assignment of error that the trial court mistakenly excluded as evidence an ordinance of the city of Pittsburg of July 9, 1878. But, as they do not set forth any copy of the evidence proposed to be offered, nor do they print it in the paper-book, the assignment is clearly in violation of Rule 31, and must be disregarded.

But the improvement was admittedly made under the provisions of the ordinance of March 16, 1900, and therefore the ordinance of 1878 would not appear to have any relevancy to the issue.

The second assignment of error is to the refusal of the court to permit plaintiffs to show by a witness, that Bailey avenue has been kept up as a street by the city during the past twenty-five years.

The answer of the witness to the last preceding question would indicate that the inquiry was directed to the use of the street as of the width of the old township road. If that were so, no harm resulted from the refusal of the offer, for it is admitted, and in the charge to the jury the court plainly told them, that they were to take into account the fact that the plaintiffs had in front of their property, and were entitled to the use of, a thirty-three foot street, before these proceedings were begun.

On the other hand, if the purpose of the offer was to show that long prior to this proceeding the city had accepted and maintained a sixty foot street at that point, it would only go to show that the plaintiffs had no basis whatever for their claim in the present proceeding. The petition of the plaintiffs for an appeal from the award of viewers, which, under the order of the trial court, was treated as a statement of claim, shows that the present proceeding is for the assessment of damages and benefits for the opening and grading of Bailey avenue.

If the street had been opened before, to the full width of sixty feet, it would follow that nothing would be taken from the plaintiffs at this time, for the city could not open a street the second time. If the damages due to the grade are to be assessed here, it is only because they are to be included in the assessment of the damages for opening or widening. In no case, therefore, can we see the relevancy of the offer, to the issue which was being tried. It was properly rejected.

The third and fourth assignments of error complain that the court permitted the jury, in arriving at a verdict, to consider the benefits resulting to the property from the widening of the street under the ordinance. But why should they not take them into consideration?

As was said by Judge RICE in Thirteenth Street, 16 Pa. Su-

perior Ct. 127, " the improvement was not complete until the opening ordinance was passed. Not until then had the time arrived for determining the damages and benefits accruing from the opening of the street." And as is there pointed out, the fact that the owner may have voluntarily contributed to the improvement by dedicating to public use land within the limits of the street, does not relieve him from the payment of benefits accruing to his abutting property.

The trial court recognized the fact that the city did not proceed with accuracy in that while the proceeding purported to be for the opening of a new street, it in reality widened an existing one. It assumed that upon that account the proceeding might have been attacked at the proper time and place. But the plaintiffs raised no question as to that feature then, and allowed the report to be confirmed, and as a result of the proceedings, now have the benefit of a sixty foot street in front of their property, instead of a thirty-three foot highway. The question of damages is all that is raised by the plaintiffs in this appeal. They desire to be paid for the damages caused by the contemplated change of grade, without making any allowance for the benefits accruing from the widening of the street.

As the court below well said, " The plaintiffs having seen fit to invoke the aid of these proceedings to recover their damages at this time, must assume the benefits which these proceedings give them."

The assignments of error are overruled, and the judgment is affirmed.